**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| JOSE CARLOS URIBE and | § | |
| MARIA JILMA URIBE | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. _____ |
| | § | |
| CARRINGTON MORTGAGE | § | |
| SERVICES, LLC, MORTGAGE | § | |
| SERVICER FOR WELLS FARGO | § | |
| BANK, N.A., AS TRUSTEE FOR | § | |
| CARRINGTON MORTGAGE LOAN | § | |
| TRUST, SERIES 2006-NC4 ASSET | § | |
| BACKED PASS THROUGH | § | |
| CERTIFICATES AND ROBERT | § | |
| VALDESPINO AS SUBSTITUTE | § | |

**DEFENDANTS WELLS FARGO BANK, N.A., AS TRUSTEE FOR CARRINGTON**
**MORTGAGE LOAN TRUST, SERIES 2006-NC4 ASSET BACKED PASS THROUGH**
**CERTIFICATES, AND CARRINGTON MORTGAGE SERVICES, LLC'S**
**NOTICE OF REMOVAL**

Notice is hereby given that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants

Carrington Mortgage Services, LLC ("***Carrington Mortgage***"), and Wells Fargo Bank, N.A., as

Trustee for Carrington Mortgage Loan Trust, Series 2006-NC4 Asset Backed Pass Through

Certificates ("***Wells Fargo***") (collectively "***Defendants***"), hereby remove this action from the 131st

District Court, Bexar County, Texas to the U.S. District Court for the Western District of Texas,

and as grounds for removal state as follows:

**Defendants Wells Fargo Bank, N.A., as Trustee for Carrington Mortgage Loan Trust,**
**Series 2006-NC4 Asset Backed Pass Through Certificates, and Carrington Mortgage**
**Services, LLC's Notice of Removal**
**Page** 1

## I.   STATE COURT ACTION

**1.**      On October 4, 2021, Jose Carlos Uribe and Maria Jilma Uribe ("***Plaintiffs***") filed *Plaintiff's Application of TRO, Petition for Breach of Contract, Temporary and Permanent Injunction* (the "***Petition***") in the 131st Judicial District Court, Bexar County, Texas, styled, *Jose Carlos Uribe and Maria Jilma Uribe v. Carrington Mortgage Services, LLC, Mortgage Servicer for Wells Fargo Bank, N.A., As Trustee For Carrington Mortgage Loan Trust, Series 2006-NC4 Asset Backed Pass Through Certificates and Robert Valdespino as Substitute*, Cause No. 2021CI20964 (the "***State Court Action***").

**2.**      Plaintiffs assert claims related to real property located at 3 Byron Nelson, San Antonio, Texas 78257 (the "***Property***"). *See* Petition pg. 3. Specifically, Plaintiffs seek to enjoin a foreclosure sale and allege causes of action for breach of contract—fraud in real estate, and deficiency of notice. *Id.* at pg. 3.

**3.**      With this Notice of Removal, Defendants hereby remove the State Court Action to this Court on the basis of diversity jurisdiction, as more fully described below.

## II.   PROCEDURAL REQUIREMENTS

**4.**      This action is properly removed to this Court because the State Court Action is pending within this district and division. 28 U.S.C. §§ 124(d), 1441(1), 1446(a).

**5.**      This removal is timely because it is being filed "within 30 days after receipt by the Defendants, through service or otherwise, a copy of the initial pleading setting forth the claim for relief upon which such action of proceeding is based." 28 U.S.C. §1446(b).

**6.**      Pursuant to 28 U.S.C. §1445(a), attached as **Exhibit A** is a true and correct copy of the entire file from the State Court action at the time of this removal.

**7.** Pursuant to 28 U.S.C. §1446(d), with the filing of this Notice of Removal, Defendants are simultaneously (**a**) serving Plaintiff with a copy of this Notice of Removal, and (**b**) filing a copy of the Notice of Removal in the 131st Judicial District Court of Bexar County, Texas. A copy of the Notice of Removal filed in the State Court Action is attached hereto as **Exhibit B**.[1]

### III.    DIVERSITY JURISDICTION

**8.** The Court has diversity jurisdiction in this matter. Where complete diversity exists among parties and the amount in controversy exceeds $75,000.00, an action may be removed to federal court. 28 U.S.C. §§ 1332(a), 1441(a). Complete diversity exists in this case because Plaintiffs are not a citizen of the same state as Carrington Mortgage and Wells Fargo, N.A. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). As shown below, the amount in controversy requirement is also satisfied.

**A. Diversity of Citizenship**

**9.** According to the Petition, Plaintiffs are citizens of Texas—Plaintiffs reside at the Property—for purposes of diversity jurisdiction. *See* Petition, pg. 3.

**10.** Carrington Mortgage Services, LLC is a Delaware limited liability company. The citizenship of a limited liability company is determined by the citizenship of all its members. Carrington Mortgage Services, LLC's members are Carrington Holding Company, LLC and Carrington Investment Partners, L.P. Carrington Holding Company, LLC is a Delaware limited liability company, whose sole member is The Carrington Companies, LLC. Carrington Investment Partners, L.P. is a Delaware limited partnership, whose general partner is Carrington Capital

---

[1] Defendants have not included Exhibit 1 to the Notice of Removal filed in the State Court Action because Exhibit 1 is a copy of this Notice of Removal.

Management, LLC. Carrington Capital Management, LLC is a Delaware limited liability company, whose members are Carrington Holding Company, LLC and a natural person. The natural person is not a citizen of the state of Texas. The Carrington Companies, LLC is a Delaware limited liability company, whose members are two natural persons who are not citizens of the state of Texas.

11.     Wells Fargo Bank, N.A., is a national banking association with its main office in Sioux Falls, South Dakota, as set forth in its Articles of Association. Accordingly, Wells Fargo Bank is a citizen of the State of South Dakota for purposes of diversity jurisdiction. *See Wachovia N.A. v. Schmidt*, 546 U.S. 303, 307 (2006) (holding that a national bank is a citizen of the state where its main office is located, as stated in its articles of association).

12.     Defendant Robert Valdespino ("***Valdespino***") is an individual domiciled in Dallas County, Texas.

13.     As shown above, there is diversity of citizenship between Plaintiffs, on one hand, and Defendants Carrington Mortgage and Wells Fargo. Although Plaintiffs and Defendant Valdespino are all citizens of Texas, there is complete diversity of citizenship among the parties because Valdespino is improperly joined. *See Mumfrey v. CVS Pharm. Inc.*, 719 F.3d 392, 401 (5th Cir. 2013); 28 U.S.C. § 1332(a); 28 U.S.C. § 1441(b). Plaintiffs have not stated a claim against Valdespino and there is no reasonable basis for this Court to predict that Plaintiffs might be able to recover against Valdespino. *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Group, Ltd.*, 818 F.3d 193, 199 (5th Cir. 2016). Whether this standard is met is determined by application of the federal pleading standard under Rule 12(b)(6). *Id.* at 208. Under that standard, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Lopez v. United*

*Prop. & Cas. Ins. Co.*, 197 F. Supp. 3d 944, 949 (S.D. Tex. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Factual allegations must be enough to raise a right to relief above the speculative level. *Lopez,* 197 F. Supp. 3d at 949.

14.     Plaintiffs cannot recover against Valdespino pursuant to their claim for fraud in a real estate transaction under Tex. Bus. & Comm. Code Ann. § 27.01(a)(1) because the statute is not applicable to the facts and circumstances of this case. Plaintiffs' allegations relate to a loan transaction, which is not actionable under the statute. *See Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 343 (5th Cir. 2008) (citing *Burleson State Bank v. Plunkett*, 27 S.W.3d 605, 611 (Tex. App. 2000) ("A loan transaction, even if secured by land, is not considered to come under the statute."); *Dykes v. Cendant Mortg. Corp.*, 04-02-00769-CV, 2003 WL 1823397, at *2 (Tex. App.—San Antonio Apr. 9, 2003, pet. denied). Additionally, Plaintiffs have not pled that any alleged false representation was made to them for the purpose of inducing them to enter into a contract, which is an essential element of this claim. Tex. Bus. & Comm. Code Ann. § 27.01(a)(1).

15.     Furthermore, Plaintiffs cannot recover against Defendant Valdespino under the theories of breach of contract or deficiency of notice based on the allegation that "the address of the Substitute Trustee handling the foreclosure sale was not listed correctly in the Notice of Acceleration and Notice of Non-Judicial Foreclosure Sale." *See* Petition, pg. 2. Pursuant to Chapter 51 of the Texas Property Code, "A trustee shall not be liable for any good faith error resulting from reliance on any information in law or fact provided by the mortgagor or mortgagee or their respective attorney, agent, or representative or other third party." § 51.007(f) Tex. Prop. Code. Plaintiffs have not adequately pled a cause of action against Defendant Valdespino because there are no factual allegations that the alleged misinformation was anything other than a good faith error.

16.     Pursuant to Chapter 51 of the Texas Property Code, a trustee "named as a party solely in the capacity as a trustee under a deed of trust, contract lien, or security instrument" is not a necessary party to a suit. § 51.007 Tex. Prop. Code. In addition, Plaintiffs cannot recover against Defendant Valdespino because Valdespino does not owe a legal duty to Plaintiffs. *See 1001 McKinney Ltd. v. Credit Suisse First Boston Mortg. Capital*, 192 S.W.3d 20, 36 (Tex. App.—Houston [14th Dist.] 2005, pet. denied). Even if there was a duty between the lender and Plaintiffs, there is no separate and independent duty Valdespino owed to Plaintiffs that would give rise to individual liability. *See Leitch v. Hornsby,* 935 S.W.2d 114, 117 (Tex. 1996). Plaintiffs have not alleged the existence of a separate and independent duty. Moreover, Plaintiffs have pled no facts to support a finding of a separate and independent duty or a special or fiduciary relationship between Plaintiffs and Valdespino. Plaintiffs' allegations are limited to acts in the course and scope of Valdespino as an employee.

**B.      Amount in controversy**

17.     The amount in controversy requirement is also satisfied where a defendant can show, by a preponderance of the evidence, that the amount in controversy is greater than the jurisdictional amount, removal is proper. *See White v. FCI U.S.A., Inc.*, 319 F.3d 672, 675 (5th Cir. 2003); *see also St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 n.13 (5th Cir. 1998) ("The test is whether it is more likely than not that the amount of the claim will exceed [the jurisdictional minimum]."). A defendant can meet its burden if it is apparent from the face of the petition that the claims are likely to exceed $75,000 or, alternatively, if the defendant introduces other evidence to show that the amount in controversy more likely than not exceeds the $75,000 requirement.

*E.g., Manguno v. Prudential Prop. & Cas. Ins. Co*., 276 F.3d 720, 723 (5th Cir. 2002); *Greenberg*, 134 F.3d at 1253.

18.    "The amount in controversy is determined from the perspective of the plaintiff, and the proper measure is the benefit to the plaintiff, not the cost to the defendant." *Berry v. Chase Home Fin*., LLC, No. C-09-116, 2009 WL 2868224, at *2 (S.D. Tex. Aug. 27, 2009).

19.    If the right to property is at issue, the court will look to the value of the property to determine whether the minimum amount in controversy amount has been met for jurisdiction. *Nationstar Mortgage LLC v. Knox*, 351 Fed. App'x 844, 848 (5th Cir. 2009); *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977) ("In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."); *Waller v. Prof'l Ins. Corp*., 296 F.2d 545, 547–48 (5th Cir.1961) ("[W]hen the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy."); *see also Berry v. Chase Home Fin., LLC*, No. C-09-116, 2009 WL 2868224, at *3 (S.D. Tex. Aug. 27, 2009) (finding under similar claims that, because "[a]bsent judicial relief, Plaintiff could be divested of all right, title, and interest to the Property . . . , the value of the declaratory and injunctive relief to Plaintiff is . . . the current appraised fair market value of the Property").

20.    Accordingly, because Plaintiffs are seeking injunctive relief and the right to property is at issue in this case, the amount in controversy is to be determined by the value of the Property. *See Knox*, 351 Fed. App'x at 848; *Turner v. JP Morgan Chase Bank, N.A*., No. 3:12-CV-2701-M (BF), 2013 WL 2896883, at *3 (N.D. Tex. June 13, 2013) (using current market value of property from

the Dallas Central Appraisal District in finding amount in controversy satisfied where plaintiff sought to prevent foreclosure) (citing *Copeland*, 485 Fed. App'x at 9).

21.     According to the Bexar County Tax Assessor's Office, the current value of the property is $1,012,870.00.[2] Thus, the value of the Property satisfies the amount in controversy requirement. A true and correct copy of the 2021 Bexar County Tax Assessor's Office Notice of Appraised Value is attached hereto as **Exhibit C**.

### IV.     **RESERVATION OF RIGHTS**

22.     In filing this Notice of Removal, Defendants do not waive, and specifically reserve, any and all objections as to service, objections to personal jurisdiction, defenses, rights, and motions.

### V.     **REMOVAL**

WHEREFORE Carrington Mortgage Services, LLC, and Wells Fargo Bank, N.A. remove this action from the 131st Judicial District Court of Bexar County, Texas to the Western District of Texas, San Antonio Division, so that this Court may assume jurisdiction over the case as provided by law.

---

[2] Defendants do not contend that the appraisal reflected by the Bexar County Tax Assessor's Office constitutes the most accurate valuation of the Property. Such appraisal is provided only for the purpose of establishing a base line value to prove that the amount in controversy requirement is satisfied.

Respectfully submitted,

By: */s/ Jacob Sparks*

**Jacob Sparks**
Texas Bar No. 24066126
Email: JSparks@SpencerFane.com

**Anelisa Benavides**
Texas Bar No. 24092121
Email: ABenavides@SpencerFane.com

**SPENCER FANE LLP**

5700 Granite Parkway, Suite 650
Plano, Texas 75024
Tel:  (214) 750-3624
Fax:  (214) 750-3612

*Attorneys for Carrington Mortgage Services, LLC*
*and Wells Fargo Bank, N.A., as Trustee for*
*Carrington Mortgage Loan Trust, Series 2006-*
*NC4 Asset Backed Pass Through Certificates*

## CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2021, I served this Notice of Removal on the following

party in compliance with the Federal Rules of Civil Procedure:

Ross. A. Rodriguez
Law Office of Ross A. Rodriguez
325 South Flores
San Antonio, Texas 78204
Tel: 210-224-1240
Fax: 210-227-5353

By: */s/ Jacob Sparks*
Jacob Sparks